

## Service of Process Transmittal Summary

**TO:** Shelley Wisniewski
Allstate Insurance Company
3300 OLYMPUS BLVD, STE 400 MS #21
COPPELL, TX 75019-1108

**RE:** **Process Served in Tennessee**

**FOR:** Allstate Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KAREN COBB vs. ALLSTATE INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return, Complaint |
| **COURT/AGENCY:** | Williamson County - Circuit Court, TN<br>Case # 26CV49 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 02/19/2026 postmarked on 02/17/2026 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service (Document(s) May Contain Additional Answer Dates) |
| **ATTORNEY(S)/SENDER(S):** | Joseph A. Tisone<br>Denham Property and Injury Law Firm<br>250 W. Main St., Suite 120<br>Lexington, KY 40507<br>859-900-2278 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/19/2026, Expected Purge Date: 02/24/2026<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |
| **REMARKS:** | Documents Were Served Upon The Tennessee Department Of Insurance On 02/04/2026 And Forwarded To Ct Corporation. |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

State of Tennessee
Department of Commerce & Insurance
Service of Process 10th Floor
500 James Robertson Pkwy
Nashville, TN 37243-0565

CERTIFIED MAIL

7020 1290 0001 6208 2556



PRIORITY MAIL



US POSTAGE ~PITNEY BOWES
ZIP 37243 $ 023.65⁰
02 7W
00080441 FEB 17 2026

7020 1290 0001 6208 2556  February 2026

C T Corporation System
300 Montvue Rd
Knoxville, TN 37919-5546


**Department of Commerce & Insurance**

February 9, 2026

Allstate Ins. Co.  
300 Montvue Rd c/o C T C  
Knoxville, TN 37919-5546  
NAIC# 19232

Certified Mail  
Return Receipt Requested  
7020129000016208-2556

Re: Karen Cobb V. NAIC# 19232

Docket # 26CV49

To Whom It May Concern:

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served February 4, 2026, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Designated Agent  
Service of Process

Enclosures

cc: Circuit Court Clerk  
Williamson County  
135 4th Ave South Room 103  
Franklin, TN 37064

State of Tennessee, Department of Commerce & Insurance  
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243  
Service.Process@tn.gov; 615-532-5260

## STATE OF TENNESSEE
## SUMMONS



### IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

Karen Cobb
_____
**Plaintiff**

_____
**Plaintiff**
vs.

Allstate Insurance Company (NAIC CoCode: 19232)
_____

2775 Sanders Road, Northbrook, Illinois 60062
_____
**Defendant**

_____
**Defendant**

CIVIL ACTION NO. 26CV-49

Service By:
▫Sheriff
▫Attorney
▫Sec. Of State
☒Comm. Of Insurance ✓

To the above named Defendant:

You are hereby summoned and required to serve upon Joseph A. Tisone plaintiff's attorney, whose address is 250 W. Main St., Suite 120, Lexington, KY 40507 _____, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Debbie McMillan Barrett, Circuit Clerk for said Court at office this 28 day of Jan., 2026.

*Virgo Williams*
**Circuit Court Clerk**

### NOTICE:
To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk Court Clerk, 135 4th Avenue South, Franklin, TN 37064.

*26CV-49*

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check *one*: (1) or (2) are for the return of an authorized officer or attorney; an attorney 's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness 's signature.

- ❑ 1. I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

- ❑ 2. I failed to serve a copy of this summons on the witness because _____

- ❑ 3. I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____
ADDRESS OF PROCESS SERVER (TRCP 4.01 ) _____
Signature of Notary Public or Deputy Clerk: _____
Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the _____ day of _____, 20_____. I received the return receipt, which had been signed by _____ on the _____ day of _____, 20_____. The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

_____    _____
**Signature**                      **Address (TRCP 4.01)**

Sworn to and subscribed before me on this ___ day of _____ 20____.

_____    Commission Expires: _____
**Signature of Notary Public or Deputy Clerk**

### CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

*/s/ [signature]*
CLERK

For ADA assistance, please call ADA coordinator : 615-790-5466

ELECTRONICALLY FILED
2026 Jan 27 12:46 PM - 26CV-49
Williamson County Circuit Court

# IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE
## FOR THE TWENTY FIRST JUDICIAL DISTRICT

| | |
|---|---|
| KAREN COBB | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 26CV-49 |
| vs. | ) JURY DEMANDED |
| | ) |
| ALLSTATE INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Karen Cobb ("Ms. Cobb"), by and through counsel, and respectfully submits her Complaint against Allstate Insurance Company, hereby states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Karen Cobb, at all times relevant to this Complaint, owned and had an insurable interest in the dwelling located at 7802 Willow Crest Drive, Fairview, Tennessee 37062-1426 ("Insured Premises").

2. At all times relevant and material hereto, Allstate Insurance Company ("Allstate"), was a foreign corporation, registered with the State of Tennessee, and engaged in the business of providing insurance policies to property owners in Williamson County, Tennessee.

3. This Complaint originates as the result of a covered water loss that damaged the dwelling located at the Insured Premises on or about February 2, 2025.

4. Jurisdiction and venue are proper in this Court.

1

## FACTS

5. At all times material hereto, Plaintiff was insured in an insurance contract, whereby Allstate agreed to insure the Insured Premises against property damage, under policy number 830836946 (the "Policy"). The Policy is incorporated herein by reference as if set forth verbatim. As relevant hereto, the term of the policy was February 1, 2025, through February 1, 2026.

6. At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area.

7. The Policy provided insurance coverage for direct physical loss or damage to the Insured Premises. The Policy provided coverage for direct physical loss or damage to the Insured Premises within the policy period unless the loss is specifically excluded or limited in the Policy.

8. Pursuant to the Policy, Plaintiff paid a premium to Allstate in exchange for insurance coverage. Plaintiff paid the required premium at all times relevant to this lawsuit.

9. The Policy reveals that coverage was provided in the following amounts:

   a. Dwelling: $268,829
   b. Other Structures $26,883
   c. Personal Property $161,298
   d. Additional Living Expense Up to 24 months not to exceed $53,766

10. In February 2025, a burst pipe caused substantial damage to the dwelling (the "Loss"). As a result of the Loss, the dwelling located on the Insured Premises suffered immediate and direct physical loss, including but not limited to, the dwelling's interior and structure.

11. The Policy was in effect at the time of the Loss and is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

12. The Loss was discovered February 2, 2025, and was promptly reported to Allstate.

13. Thereafter, Allstate wrongfully underpaid the claim. Further, Allstate made numerous errors in estimating the value of Ms. Cobb's claims, as exhibited by its assigned adjuster's method of

2

Case 3:26-cv-00273   Document 1-1   Filed 03/09/26   Page 8 of 12 PageID #: 11

investigation and estimation of the Ms. Cobb's losses, all of which were designed to intentionally minimize and underpay the loss incurred by Ms. Cobb.

14. Despite the fact that Plaintiff fulfilled all of the duties after the Loss that were imposed upon her by the Policy, Allstate has wrongfully failed to fully pay the claim.

15. Allstate's refusal to promptly and fully pay Plaintiff the amount owed as a result of the Loss is without justification.

16. Allstate's refusal to pay the money and benefits due and owing to Plaintiff under the Policy caused Plaintiff to seek legal counsel and to initiate this lawsuit to recover the insurance proceeds and/or other Policy benefits to which they are entitled.

## CAUSES OF ACTION

### Count I – Breach Of Contact

17. The allegations contained in Paragraphs 1-16 of this Complaint are incorporated herein by reference as if set forth verbatim.

18. The Policy issued by Defendant to Plaintiff is a binding contract and is supported by valid consideration.

19. Allstate is in total, material breach of the Policy, and Allstate is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, Allstate breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to them as a result of the Loss as required by the terms of the Policy.

20. As a result of Allstate's breach of contract, Plaintiff sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the Insured Premises and temporary repairs, as well as consequential damages.

21. Allstate is liable to Plaintiff for her losses.

3

22. Allstate's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. See, e.g., *Riad v. Erie Ins. Exchange*, 2013 Tenn. App. LEXIS 712 *47 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Allstate intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to make payments to Plaintiff as required by the Policy; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; and (6) failed to treat Plaintiff's interests equal to that of its own.

## Count II – Statutory Bad Faith – Tenn. Code Ann. § 56-7-101 *et seq.*

23. The allegations contained in Paragraphs 1-22 of this Complaint are incorporated herein by reference as if set forth verbatim.

24. Allstate's refusal and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Allstate for amounts due and full payment has not been made for the Loss as required pursuant to the Policy, for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

25. The bad faith by Allstate is evidenced by the fact that, at all times relevant hereto, Allstate knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due to them under the terms of the Policy and as otherwise promised and represented by Allstate, as well as the actions of Allstate set forth in Paragraph 22 above. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Allstate consciously refused to pay Plaintiff's valid claim and withheld monies and benefits rightfully due to Plaintiff.

4

26. Allstate's bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

   a. Allstate's intentional failure to fully inform Plaintiff of their rights and obligations under the Policy;

   b. Allstate's intentional failure to attempt in good faith to effectuate a prompt, fait, and equitable settlement of Plaintiff's claim when liability was reasonably clear;

   c. Allstate's intentional refusal to pay Plaintiff's claim and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

   d. Allstate's intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before alleging that it has no further obligations to Plaintiff;

   e. Allstate's engaging in acts and practices toward Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to Plaintiff;

   f. Allstate's failure to promptly provide Plaintiff with a reasonable and accurate explanation for its failure to honor the entirety of Plaintiff's claim;

   g. Allstate's intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff fully for their losses;

   h. Allstate's intentional failure to pay all amounts due and owing under the Policy with no reasonable or justifiable basis;

   i. Allstate's unjustified refusal to pay Plaintiff's claim for its own financial preservation; and

   j. Allstate's actions and inactions as set forth in Paragraph 25 above, all of which is incorporated herein by reference.

5

27. In doing so, Allstate's intended to and did injure Plaintiff in order to protect its own financial interests and should be punished via the twenty-five percent (25%) bad faith penalty as authorized by statute.

**WHEREFORE**, Plaintiff, Karen Cobb, hereby demands judgment against Defendant, Allstate Insurance Company as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For punitive damages as deemed appropriate by the jury not to exceed the amount allowed by law;

3. For Statutory bad faith penalty equal to twenty-five percent (25%) of Plaintiff's awarded damages;

4. For all costs incurred by Plaintiff as a result of this action;

5. For pre and post-judgment interest; and

6. For such other further and general relied as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury of her peers.

Dated: **January 27, 2026**

Respectfully submitted,

*/s/ Joseph A. Tisone*

---

Denham Property and Injury Law Firm
Joseph A. Tisone (BRP No. 041169)
250 W. Main St., Suite 120
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Joey@Denham.Law
Email: Service@Denham.Law
COUNSEL FOR PLAINTIFF

6

Case 3:26-cv-00273   Document 1-1   Filed 03/09/26   Page 12 of 12 PageID #: 15